UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| JUAN SERRANO, | | |
| | Plaintiff, | |
| | | 9:08-CV-745 |
| vs. | | Lead Case |
| | | (NAM/ATB) |
| DOCTORS, *et al.*, | | |
| | Defendants. | |

_____

| | | |
|---|---|---|
| JUAN SERRANO, | | |
| | Plaintiff, | |
| | | 9:08-CV-1017 |
| vs. | | Member Case |
| | | (NAM/ATB) |
| DR. SHARMA, *et al.*, | | |
| | Defendants. | |

_____

JUAN SERRANO
Plaintiff pro se
C. HARRIS DAGUE, Asst. Attorney General
Attorney for Defendants

ANDREW T. BAXTER, Magistrate Judge

## REPORT-RECOMMENDATION

These cases[1] were originally referred to Magistrate Judge Gustave J. Di Bianco, and, after Judge Di Bianco's retirement, the cases were referred to me by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28

---

[1] This court's previous orders listed only *Serrano v. Doctors*, 9:08-CV-745 in the caption, however, *Serrano v. Doctors*, 9:08-CV-745 is the lead action and was consolidated with *Serrano v. Sharma,* 9:08-CV-1017 on October 17, 2008. (Dkt. No. 7). All further filings have been made in 9:08-CV-745, although both cases remain open.

U.S.C. § 636 (b) and Local Rules N.D.N.Y. 72.3(c).

I.     **Background**

The above civil rights actions were transferred from the Southern District of New York. The first action, 9:08-CV-745, was filed in the Northern District of New York on July 9, 2008. (Dkt. No. 1). Plaintiff alleged that "doctors" and "nurses" denied him constitutionally adequate medical care. The complaint did not name any specific defendants and was very unclear. On July 21, 2008, Chief Judge Mordue directed plaintiff to file an amended complaint. (Dkt. No. 6).

Instead of filing an amended complaint in this district, plaintiff filed a new action in the Southern District of New York, naming specific individuals who allegedly denied him proper medical care. Plaintiff's second action was transferred to the Northern District of New York on September 24, 2008. *Serrano v. Sharma*, 9:08-CV-1017, (Dkt. No. 1). Recognizing that plaintiff's new action appeared to be an attempt to amend 9:08-CV-745, Magistrate Judge George Lowe[2] ordered the consolidation of the two actions and ordered the Clerk to assign both actions to Chief Judge Mordue and Magistrate Judge Di Bianco. (Dkt. No. 4 in 9:08-CV-1017). The two cases then proceeded together, and a mandatory pretrial discovery and scheduling order was issued on August 21, 2009. (Dkt. No. 20). These cases were referred to me on January 4, 2010, following Magistrate Judge Di Bianco's retirement. (Dkt. No. 27).

On March 5, 2010, I ordered that defense counsel schedule and initiate a telephone conference in these cases, to be held on March 31, 2010 at 10:30 a.m. (Dkt.

---

[2] Magistrate Judge Lowe was initially assigned to the new action.

2

No. 28).  This court's text-order also directed *pro se* plaintiff, Serrano to provide defense counsel and the court, in writing, by March 22, 2010, with a land-line telephone number at which plaintiff could be reached for the conference call. *Id.* Plaintiff was also directed to confirm that the address on file with the court and given to defense counsel, was plaintiff's current address where he could be served with documents. *Id.*

The court's March 5, 2010 text-order was served upon plaintiff at the address that he provided to the court.  Plaintiff failed to comply with either of the court's directions.  The court's order was ***not returned to the court as undeliverable***.[3] Because plaintiff is *pro se*, the court afforded him another opportunity to respond.  On March 23, 2010, this court issued an order, cancelling the March 31, 2010 conference. Plaintiff was advised that he disobeyed a court order when he failed to provide his telephone number to defense counsel and failed to provide the court with updated contact information. (Dkt. No. 29 at 3).  In the March 23rd order, I also stated that all pretrial deadlines had expired, and the court needed to assess the readiness of these actions to proceed. *Id.*  The court gave plaintiff until April 6, 2010 to provide the appropriate information and specifically warned plaintiff that the failure to comply with the court's order could result in a recommendation of dismissal.  Plaintiff failed to comply with the court's order by April 6, 2010, and to this date, has not contacted either the court or defense counsel with any updated information so that the cases can

---

[3] The only time that mail sent to plaintiff was returned "undeliverable" was in August 2009, after he was released from incarceration. (Dkt. No. 21).  Plaintiff did update his address on October 21, 2009 to the address that the court currently has on file.

3

proceed.

## II. <u>Failure to Prosecute</u>[4]

### A. Legal Standards

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action or to comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996) (pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives).

"The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***." *Dumpson v. Goord*, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) (emphasis added). Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that generally, a determination of whether to

---

[4] The court included this statement of the legal standards for failure to prosecute in its previous order so that plaintiff would understand the gravity of his failure to comply with court orders. (Dkt. No. 29 at 2-3).

dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration, whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

**B.     Application**

Plaintiff has been given two opportunities by this court to update his information in order that he might participate in the cases that he brought. The court does recognize that, if plaintiff did not update his address, he may never have received the warnings. However, neither order was returned to the court as undeliverable, and this court issued its March 23, 2010 order in a last attempt to contact plaintiff before recommending dismissal. The court does note that on October 30, 2009, defense counsel filed a letter, stating that he received correspondence from plaintiff which could be read as requesting discontinuance of his cases.[5] (Dkt. No. 23). No such letter was received by the court, although the letter was addressed to the "Hed [sic] Judge of the United States Northern District Court house." (Dkt. No. 23-1). Defense counsel attached a copy of plaintiff's letter to his letter-motion and requested that Magistrate Judge Di Bianco hold a conference to determine whether plaintiff truly intended to

---

[5] At that time, both cases were still before Magistrate Judge Di Bianco.

5

withdraw or discontinue these actions. (Dkt. No. 23, 23-1). On December 15, 2009, defense counsel requested a 45-day extension of the discovery deadline, or a stay of all deadlines, until the issue of plaintiff's intent to discontinue was resolved. (Dkt. No. 25).

Because of his upcoming retirement, on December 17, 2009, Magistrate Judge Di Bianco denied counsel's request for a telephone conference without prejudice and granted an extension of the scheduling order deadlines until review by the "newly assigned Magistrate Judge." (Dkt. No. 26). Magistrate Judge Di Bianco's December 17th order also ordered defense counsel to continue his efforts to reach the plaintiff. *Id.* After the case was assigned to me, I issued the March 5, 2010 order, requiring plaintiff to provide contact information. (Dkt. No. 28). The case cannot proceed if plaintiff refuses to participate or cannot be found because he has failed to provide the court with a current address.

Balancing the relevant factors, this court finds that the delay has been considerable and will be indefinite because plaintiff has failed to update his address and telephone number. The court has attempted to give plaintiff clear notice that the actions may be dismissed, and the defendants will be prejudiced by any further delay. Although plaintiff's letter to defense counsel was not completely clear, it appears from his subsequent actions, or inaction, that plaintiff did intend to withdraw his cases, and that he has chosen to abandon these two actions. This court has no alternative but to recommend dismissal of both cases for failure to prosecute.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED,** that Lead Case No. 9:08-CV-745 and Member Case No. 9:08-CV-1017 be **DISMISSED WITH PREJUDICE IN THEIR ENTIRETY** pursuant to FED. R. CIV. P. 41(b) for **FAILURE TO PROSECUTE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: September 9, 2010

Hon. Andrew T. Baxter
U.S. Magistrate Judge